IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cr. No. 24-20073 |
| | ) |
| JOSHUA M. ROGERS, | ) |
| | ) |
| Defendant. | ) |

FILED IN OPEN COURT
DATE: 5/8/2025
TIME: 11:00 AM
INITIALS: SMc

## MEMORANDUM OF PLEA AGREEMENT

The Defendant, JOSHUA M. ROGERS by and through his counsel, and the United States, through the Interim United States Attorney for the Western District of Tennessee and the Assistant Attorney General for the Department of Justice, Civil Rights Division, and the undersigned Assistant U.S. Attorney and Trial Attorney, have reached the following agreement.

1. The Defendant agrees:

   (A) to plead guilty to Count Six of the Indictment in the above styled case charging a violation of 18 U.S.C. § 1512(c)(1);

   (B) to waive his rights to appeal any and all issues related to the case, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255, and consents to the final disposition of the matter by the District Court;

   (C) that his knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence includes waiving the right to raise on appeal or on collateral review any argument that (1) the statute to which the Defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute;

   (D) that the waiver provision does not prevent the Defendant from seeking relief otherwise available in a collateral attack on any of the following grounds:

   (i) the Defendant was deprived of the effective assistance of counsel;

   (ii) or the Defendant was prejudiced by prosecutorial misconduct.

   (E) that he is pleading guilty, knowingly and voluntarily, because he is in fact guilty of the offense as charged in Count Six of the Indictment;

(F) that the special assessment of $100 per count is due and payable to the U.S. District Court Clerk's Office immediately following the Defendant's sentencing.

2. The United States agrees:

(A) that pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and in consideration for the Defendant's plea of guilty, to recommend that the Defendant receive three points for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1, provided he continues to exhibit acceptance of responsibility. The Defendant understands that if, in the opinion of the United States, it is learned that the Defendant has engaged in additional conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities or inaccurately portraying his involvement in this offense, between now and the time of sentencing, this position could change;

(B) that it will recommend dismissal of the remaining counts of the Indictment at sentencing;

(C) that it will recommend a sentence not to exceed 70 months of incarceration. The Defendant understands that if, in the opinion of the United States, it is learned that the Defendant has engaged in additional conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities or inaccurately portraying his involvement in this offense, between now and the time of sentencing, then the United States will be released from its obligations and would become free to argue for any sentence within statutory limits;

(D) that the Defendant will be free to argue for a sentence of less than 70 months of incarceration.

3. Neither the United States nor any law enforcement officer can or does make any promises or representations as to what sentence will be imposed by the Court. The Defendant understands that any discussions with his attorney regarding a sentence are estimates about possible outcomes, not promises or guarantees.

4. If the United States, solely within its discretion, judges that the Defendant has violated any federal, state or local law, or has engaged in any conduct constituting obstructing or impeding justice within the meaning of U.S. Sentencing Guidelines § 3C1.1 or has failed to make any court appearances in this case, or if the Defendant attempts to withdraw the plea, or if he engages in any conduct inconsistent with acceptance of responsibility, including, but not limited to, minimizing the scope of his criminal involvement, from the date of the Defendant's signing of this plea agreement to the date of the Defendant's sentencing, then the United States will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the Defendant would not release the Defendant from this plea of guilty. If the United States violates the terms of this plea agreement, the Defendant will have the right to withdraw from this agreement.

5. This writing constitutes the entire Plea Agreement between the Defendant and the United States with respect to the plea of guilty. No additional promises, representations or inducements other than those referenced in this Plea Agreement have been made to the Defendant or to the Defendant's attorney with regard to this Plea, and none will be made or entered into unless in writing and signed by all parties. The Defendant acknowledges that he has reviewed the Agreement with his attorney and that he is satisfied with his attorney's advice and counsel.

_____     5-8-2025
JOSHUA M. ROGERS                  Date
Defendant

_____     5-8-2025
TYRONE PAYLOR                     Date
Attorney for Defendant


JOSEPH C. MURPHY, JR.
INTERIM UNITED STATES ATTORNEY

By: _____     5/8/25
David Pritchard                   Date
Assistant U.S. Attorney


HARMEET DHILLON
ASSISTANT ATTORNEY GENERAL
CIVIL RIGHTS DIVISION

By: _____     5/8/25
MarLa Duncan                      Date
Trial Attorney